IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOLEKSIS B. TUTORA,** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 14-4458 |
| | : | |
| **DIRECTOR SWEENEY and** | : | |
| **WARDEN DONATE,** | : | |
| | : | |
| Defendants. | : | |

**Goldberg, J.**                                                                                          **December 15, 2014**

## MEMORANDUM OPINION

Plaintiff Toleksis B. Tutora, proceeding in forma pauperis and pro se, brings civil rights claims pursuant to 42 U.S.C. § 1983 against Director Sweeney and Warden Donate based on the conditions at the Lehigh County Prison, where he was recently incarcerated. Plaintiff's claims are based on an incident in which he fell from a top bunk bed and broke his hand. Defendants moved to dismiss Plaintiff's amended complaint for failure to state a claim.[1] For the following reasons, I will grant Defendants' motion, dismiss the amended complaint in its entirety, and grant Plaintiff leave to file a second amended complaint.

### I.   FACTUAL AND PROCEDURAL HISTORY

The amended complaint alleges that on or about July 5, 2014, Plaintiff fell from a top bunk bed at the Lehigh County Prison and broke his right hand. Plaintiff alleges that:

> Had the Director Sweeney have maintenance place step ladders in the housing units, plaintiff would not [have] suffered serious injury. Though he was an Inmate deliberate indifference set the action upon his person. To further

---

[1] Plaintiff filed his initial complaint against the Lehigh County Prison. I dismissed the complaint because a prison is not a "person" subject to suit under the civil rights laws, and gave Plaintiff an opportunity to file an amended complaint. Plaintiff filed an amended complaint naming Director Sweeney and Warden Donate as defendants.

1

>promogate [sic] his injury Warden Donate's security ruled out Plaintiff got a cast on his injured right hand and only an ace bandage could be administered by medical.

(Am. Compl. ¶ 4.) Based on those facts, Plaintiff alleges that Defendants violated his Eighth Amendment rights. In addition to monetary damages, he seeks an order requiring the installation of step ladders and rails on top bunks in the prison and an order permitting the medical department to "properly treat broken fractures of bones and have a unit to access injured inmates." (Id. ¶ 6.)

Defendants filed a motion to dismiss the amended complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). They argue that Plaintiff has not stated a claim under the Eighth Amendment because the failure to provide him with a bunk bed ladder is neither objectively serious nor indicative of any deliberate indifference toward his safety. The motion makes no mention of Plaintiff's allegations concerning the medical treatment of his hand. In his response to the motion, Plaintiff contends that "[the prison] is aware of the safety issues of double-bunking, but will not admit that there are problems as far as safety [sic] housing inmates without railings, or set ladders to protect inmates from injury." (Resp. to Mot. at 1.) Additionally, Plaintiff's response clarifies that he is claiming prison policy prevented him from obtaining a cast for his hand. Plaintiff states that his fracture was set at an odd angle, preventing him from getting surgery after his release from prison.

II. **STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than a "sheer possibility that a defendant has acted

unlawfully," and is not satisfied by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. In determining the sufficiency of a complaint, the court must take three steps: (1) the court must "tak[e] note of the elements a plaintiff must plead to state a claim;" (2) the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth;" and (3) "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (citations and internal quotation marks omitted) (alteration in original). The court must construe Plaintiff's allegations liberally because he is proceeding pro se. Higgs v. Att'y Gen, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, as Plaintiff is proceeding in forma pauperis, the Court may sua sponte dismiss his claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The standard for dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies under Rule 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

### III. LEGAL ANALYSIS

Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases . . . is one of deliberate indifference to inmate health or safety." Id. (internal quotation marks omitted). "[T]he official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff's claims fail to the extent they are based on allegations that Defendants violated his constitutional rights by failing to provide him with a ladder or railing for his top bunk bed that could have prevented his fall. Courts faced with similar allegations have held that the absence of a ladder or railing from the top bunk does not create an objectively serious condition threatening inmate safety or reflect deliberate indifference on behalf of prison officials. See, e.g, Brown v. Pastrana, 446 F. App'x 270, 272 (11th Cir. 2011) (per curiam) ("The conditions [plaintiff] challenges—sleeping approximately eight feet above the floor without a panic button or railings—do not violate contemporary standards of decency, and thus, do not constitute cruel and unusual punishment under the Eighth Amendment."); Williams v. Corizon, Civ. A. No. 12-2412, 2013 WL 4787223, at *15 (E.D. Pa. Sept. 9, 2013) ("To the extent that Plaintiff attempts to argue that Defendant City of Philadelphia is liable because they did not have ladders for all the bunk beds, such argument fails, since that is, at most, negligence, which does not demonstrate the requisite culpability for liability to attach."); Walker v. Walsh, Civ. A. No. 11-1750, 2012 WL 314883, at *5 (M.D. Pa. Feb. 1, 2012) ("[F]ailing to install safety rails on an upper bunk of a set of bunk beds that is to be exclusively utilized by adults does not constitute a condition which would pose an unreasonable risk of future injury." (internal quotation marks omitted)); Pumphrey v. Smith, Civ. A. No. 09-233, 2010 WL 4983675, at *4 (W.D. Pa. Dec. 2, 2010) ("The lack of a bunk ladder in a prison cell does not meet the stringent requirements of deliberate indifference."). That is so even if, as Plaintiff implies in his response, prison officials should have been aware of "safety issues." See Franco-Calzada v. United States, 375 F. App'x 217, 218-19 (3d Cir. 2010) (per curiam) (dismissing appeal as frivolous when plaintiff's constitutional

claims rested on allegations that he fell from a faulty ladder attached to his top bunk, which defendants knew or should have known to be unsafe because at least two other inmates had fallen). As the complaint does not allege facts that would support a plausible constitutional claim based on Plaintiff's fall from his bunk bed due to the absence of certain safety measures, I will grant Defendants' motion to dismiss that claim.

The amended complaint also asserts an Eighth Amendment claim based on Plaintiff's complaints about the medical care he received after his fall. Although Defendants did not address that claim in their motion to dismiss, I will dismiss it pursuant to § 1915(e)(2)(B)(ii). To state a claim under the Eighth Amendment, a plaintiff must allege facts establishing that prison officials were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Supervisors may be liable for an Eighth Amendment violation if they established and maintained a policy, practice or custom that caused the constitutional violation, or if they participated in violating plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in their subordinates' violations. Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316-20 (3d Cir. 2014). For liability to attach, a plaintiff must plead facts plausibly establishing that each supervisor defendant was deliberately indifferent to plaintiff's condition. Id. at 319.

The sole allegation in the amended complaint supporting Plaintiff's medical claim is his somewhat unclear assertion that "Warden Donate's security ruled out Plaintiff got a cast on his injured right hand and only an ace bandage could be administered by medical." (Am. Compl. ¶ 4.) Plaintiff's response to Defendant's motion to dismiss clarifies this claim by asserting that he

only received an ace bandage for his injury because "prison policy did not allow for a cast." (Resp. to Mot. at 1.) At most, Plaintiff has insinuated that the Warden's subordinates prevented him from obtaining a cast for his injury, apparently due to prison policy. He does not allege facts establishing that either defendant was aware of his condition, played any role in determining the medical treatment he received, or was responsible for establishing and maintaining the medical policy that allegedly violated his constitutional rights. See Wright v. Warden, Forest SCI, 2014 WL 6350005, at **1-2 (3d Cir. Nov. 17, 2014) (per curiam) (summarily affirming dismissal of complaint because prisoner failed to allege sufficient personal involvement of the named defendants); Valdez v. Danberg, 576 F. App'x 97, 100-01 (3d Cir. 2014) (prisoner could not prevail on claims because he failed to establish that the defendants were responsible for implementing prison policies or otherwise acted with deliberate indifference). Accordingly, Plaintiff has failed to state a plausible claim that Defendants were deliberately indifferent to his serious medical needs.

For the foregoing reasons, I will grant Defendants' motion to dismiss Plaintiff's claim based on his fall from the bunk bed and dismiss Plaintiff's remaining claim under § 1915(e)(2)(B)(ii). However, as Plaintiff is proceeding pro se, I must give him the opportunity to amend his claims unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Although Plaintiff cannot state a constitutional claim based on the absence of safety mechanisms on his top bunk bed, I cannot say that amendment would be futile as to his medical claim. Accordingly, Plaintiff will be permitted to file a second amended complaint as to his medical claim only.

An appropriate Order follows.